CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
IJEOMA U. EKE (Bar No. 331938)
(E-Mail: Ijeoma_Eke@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-3107
Facsimile: (213) 894-7556

Attorneys for Defendant
MARKEE NORSHOAN ALLEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARKEE NORSHOAN ALLEN,<br>Defendant. | Case No. CR 21-252-CJC<br>**DEFENDANT MARKEE NORSHOAN ALLEN POSITION RE: SENTENCING**<br>Hearing Date: October 19, 2021<br>Hearing Time: 10:00 a.m. |

Defendant Markee Norshoan Allen, by and through his attorney of record, Deputy Federal Public Defender Ijeoma U. Eke, hereby files this sentencing position.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 30, 2021 By */s/ Ijeoma U. Eke*

IJEOMA U. EKE
Deputy Federal Public Defender
Attorney for Markee Norshoan Allen

## I. ARGUMENT

Markee Allen has a backstory similar to many other defendants that come before the Court. He experienced an absentee father, lack of supervision due to a mother who worked multiple jobs in order to make ends meet, and multiple instances of trauma caused by the loss of loved ones. However, the fact that Mr. Allen's story sounds like so many others does not mitigate the impact it's had on his life. Instead, it further supports the notion that such experiences have a long-term effect.

Mr. Allen was born on June 21, 1986, in Los Angeles, California. He has spent his entire life in South Central where gun violence is more of a regularity than a threat. In the 1980s, the prevalence of street gangs led to increased gun violence.[1] Unfortunately, the threat of gun violence in South Central has persisted. Presently, even in the midst of a pandemic, South Central Los Angeles is experiencing a surge in gunfire.[2] This is the environment in which Mr. Allen was raised. In South Central, murders and killings were all too common. However, despite the constant violence that plagued Mr. Allen's environment, he was able to refrain from criminal activity. For twenty years, Mr. Allen demonstrated his ability to live a law-abiding life. Unfortunately, things changed for Mr. Allen when the prevalence of gun violence in South Central began to personally affect his family and loved ones.

When Mr. Allen was twenty years old, his older brother was in a parking lot speaking with an acquaintance when he was shot eighteen times and killed. *See* Presentence Report ("PSR") ¶ 50. Six months later, Mr. Allen's cousin was murdered

---

[1] Robert Reinhold, *In the Middle of L.A.'s Gang Wars*, N.Y. TIMES, May 22, 1988, https://www.nytimes.com/1988/05/22/magazine/in-the-middle-of-la-s-gang-wars.html.

[2] Kevin Proctor, *Surge in South L.A. bloodshed tied to gunfire from high-capacity firearms, gang feuds*, L.A. TIMES, Dec. 15, 2020, https://www.latimes.com/california/story/2020-12-15/lapd-officials-lament-ongoing-surge-in-violence-in-south-and-central-los-angeles.

in the same area as his brother. *Id*. at ¶ 52. The following year, the mother of Mr. Allen's children, Angelica Paige, lost her younger brother to gun violence. *Id*. at ¶ 53. Ms. Paige's brother, who was thirteen at the time, left his home to play basketball and was shot in the head and killed instantly. *Id*. at ¶ 51. As Mr. Allen considered Ms. Paige's family his own, the loss of her younger brother was devastating. In the span of one year, Mr. Allen loss three individuals to gun violence. Without any arrests in the murders of his loved ones, Mr. Allen and his family never received the closure and justice they needed. Most importantly, Mr. Allen and his family lost their sense of safety. It was during this time that Mr. Allen's involvement with the criminal justice system began, and he was arrested for his first offense—unlawful possession of a firearm. *Id*. at ¶ 34.

While still dealing with grief, and now with a criminal record, life for Mr. Allen became increasingly difficult. It was during this time that Mr. Allen's drug use escalated from marijuana to codeine as a means for him to cope with the trauma that he was enduring. *Id*. at ¶ 75. In addition, employment opportunities for Mr. Allen were limited. A criminal record often creates an unsurmountable barrier of entry into the work force;[3] however, Mr. Allen was able to secure employment at UCLA as a custodian from 2007 to 2011. *Id*. at ¶ 90. Unfortunately for Mr. Allen, in 2007, he found out that his mother was diagnosed with breast cancer. *Id*. at ¶ 58. Mr. Allen did the best he could to balance work, supporting his family, and caring for his mother but eventually it became too much for him to handle. In 2011, Mr. Allen's mother had a stroke with resulted in blindness in her right eye and affected her speech and memory. *Id*. at ¶ 60. As a result, Mr. Allen had to take time off work to care for his mother, with eventually resulted in termination from his employment. *Id*. at ¶ 90. Subsequently, Mr.

[3] *Barriers to Work: People with Criminal Records*, Nat'l Conf. of State Legis., July 17, 2018, https://www.ncsl.org/research/labor-and-employment/barriers-to-work-individuals-with-criminal-records.aspx.

Allen found himself unemployed, battling an addiction, and struggling to cope with the hardships in his life which led to further involvement in the criminal justice system.

With a poverty rate of 26.7 percent, more than double the rate in California and the United States[4], South Central has not seen the same level of economic growth as other areas in California. In fact, South Central has experienced stagnant job growth since 2002,[5] making it increasingly difficult for individuals like Mr. Allen with a criminal history to find lasting employment. With a budding addiction, unresolved trauma, limited job opportunities, and a criminal record, the results are reflected in Mr. Allen's PSR—a criminal history that reflects the unfortunate reality of the prevalence of violence, trauma, and poverty in Mr. Allen's community.

While Mr. Allen's experiences do not excuse his actions, they provide much needed context. Mr. Allen's criminal involvement began when his environment proved to be too dangerous and claimed the lives of members of his family. Despite the hardships that he has experienced, however, Mr. Allen has demonstrated that he can maintain gainful employment, provide for his family, and be an active father in his children's lives. Mr. Allen is now thirty-five years old. He is at the age in which an individual's criminal engagement declines. Research shows that crime starts to peak in the mid-to-late teenage years and begins to decline when individuals are in their mid-

---

[4] *Los Angeles County (South Central) -- LA City (South Central/Watts) PUMA, CA*, Census Reporter (last visited September 30, 2021), https://censusreporter.org/profiles/79500US0603751-los-angeles-county-south-central-la-city-south-centralwatts-puma-ca/.

[5] Ruby Bolaria, Alexis Coke, Natalie Nava, *South Central Neighborhood Council Report*, Dec. 20, 2013, https://vnnc.org/wp-content/uploads/2014/05/The-State-of-South-Central-NC.pdf.

twenties.[6] After that, crime drops sharply as adults reach their thirties and forties.[7] Most importantly, Mr. Allen has a loving, caring and supportive family. "Research suggests that exiting from a criminal career requires the acquisition of meaningful bonds to conventional adult individuals and institutions[.]"[8]—something that Allen has.

Therefore, in accordance with Probation's recommendation, and the plea agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(c), Mr. Allen requests that the Court impose a sentence of 37 months and 3 years of supervised release to run concurrent to a sentence of 4 months in connection to the Petition for Action of Court for Cause in *United States v. Markee Norshoan Allen*, CR 18-793-CJC.

## II.THE PRESENENCE INVESTIGATION REPORT

The PSR has determined Mr. Allen's overall offense level to be 19 and criminal history category to be III, with a resulting guideline range of 37-46 months imprisonment. *See* PSR ¶ 98. The defense does not object to the Probation Office's mechanical calculation of the guidelines.

## III.CONCLUSION

For the foregoing reasons, Mr. Allen respectfully requests that the Court impose a sentence of 37 months and 3 years of supervised release to run concurrent to a sentence of 4 months in connection to the Petition for Action of Court for Cause in *United States v. Markee Norshoan Allen*, CR 18-793-CJC. Based on the mitigating factors, such a sentence is sufficient, but not greater than necessary, to achieve the aims

---

[6] *See Criminal Justice Facts*, The Sentencing Project, https://www.sentencingproject.org/criminal-justice-facts/ (last viewed September 13, 2021).

[7] *Id*.

[8] *See Age and Crime: Variations in Criminal Careers*, American Law & Legal Information, https://law.jrank.org/pages/475/Age-Crime-Variations-in-criminal-careers.html (last viewed September 13, 2021).

of sentencing. Mr. Allen also requests the Court recommends that he be housed at a Bureau of Prison ("BOP") facility in southern California.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 30, 2021 By */s/ Ijeoma U. Eke*

IJEOMA U. EKE
Deputy Federal Public Defender
Markee Norshoan Allen